**SAI YAN SHI, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

**No. 03–40040–ag.**

United States Court of Appeals, Second Circuit.

March 13, 2008.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Department of Justice, Eric F. Melgren, United States Attorney for the District of Kansas, Leon Patton, Assistant United States Attorney, Kansas City, KS, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROBERT D. SACK and Hon. PETER W. HALL, Circuit Judges.

***SUMMARY ORDER***

Petitioner Sai Yan Shi, a native and citizen of China, seeks review of a June 3, 2003 order of the BIA affirming the January 23, 2002 decision of Immigration Judge ("IJ") William F. Jankun denying petitioner's application for relief under the Convention Against Torture ("CAT"). *See In re Shi, Sai Yan,* No. A77–927–785 (B.I.A. June 3, 2003), *aff'g* No. A77–927–785 (Immig. Ct. N.Y. City Jan. 23, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews questions of law and the application of law to undisputed fact *de novo. Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). This Court reviews factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the agency's determination that Shi failed to establish eligibility for relief under the CAT. "To establish eligibility for protection under the CAT, an applicant bears the burden of proving that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159 (2d Cir.2005) (quoting 8 C.F.R. § 1208.16(c)(2)).

---

1. Pursuant to Federal Rule of Appellate Procedure 43(1 c)(2), Attorney General Michael Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

Neither Shi's testimony nor the Country Profile (submitted by the Government) indicates that Shi will more likely than not be tortured upon return to China. According to the Country Profile, individuals prosecuted for illegal exit are "generally fined anywhere between $600 and $6,000" and "[m]any are also subjected to lengthy administrative detention or reeducation through labor camps." Shi's testimony regarding the alleged detention of her cousin and a neighbor does not indicate that returnees are more likely than not to be tortured. *See id.* at 160. As we have held, a petitioner's CAT claim based solely on membership in "the large class of persons who have illegally departed China" is insufficient to establish entitlement to CAT protection. *Id.*

To the extent Shi argues that the IJ erred in failing to develop the record, this claim is without merit, as Shi bore the burden of establishing her eligibility for CAT relief. *Id.* at 159. To the extent that Shi argues that the IJ relied on outdated Country Reports, this argument too lacks merit. The IJ chiefly relied on Shi's testimony and lack of supporting evidence. Further, to the extent that Shi appears to be alleging ineffective assistance of counsel with respect to her prior attorney, that claim was not exhausted before the agency, 8 U.S.C. § 1252(d)(1). *See Twum,* 411 F.3d at 59. Because Shi provided no documentary evidence or testimony indicating that someone in her particular circumstances is likely to be tortured, the record is simply devoid of evidence supporting her claim. *Mu Xiang Lin,* 432 F.3d at 158–59. Thus, the IJ's denial of Shi's application for CAT relief was not in error.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending mo-tion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).